**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Alejandro Quinones Leyva, ) | |
| ) | Criminal Action No.: 1:15-cr-00637-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Petitioner Alejandro Quinones Leyva's Motion to Vacate (ECF No. 325). Petitioner asserts that the ineffective assistance of his counsel violated his Sixth Amendment[1] right to counsel. (ECF No. 360 at 6.) The Government did not respond to Petitioner's Motion. For the reasons set forth below, the court **DENIES** Petitioner's Motion to Vacate (ECF No. 325).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2015, Petitioner was indicted for possession with intent to distribute cocaine in violation of 21 U.S.C. § 846. (ECF No. 2.) On March 18, 2016, Petitioner entered into a Plea Agreement in which he agreed to plead guilty to being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)[2] in return for the dismissal of the possession with intent to distribute charge and a sentence of 96 months of incarceration. (ECF No. 232.) On March 21, 2016, in accordance with the Plea Agreement, the Government filed a Superseding Information charging Petitioner with violating 18 U.S.C. § 922(g)(5) (ECF No. 228), and on March 22, 2016,

---

[1] The Sixth Amendment of the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.
[2] In Petitioner's filings, he claims he pleaded guilty to both § 922 and § 924. Pursuant to the Plea Agreement, Petitioner pleaded guilty to violating 18 U.S.C. § 922(g)(5). (ECF No. 232.)

Petitioner pleaded guilty to that charge (ECF No. 240). On July 7, 2016, Petitioner was sentenced to 96 months of incarceration. (ECF No. 280.)

On October 28, 2016, Petitioner filed this Motion to Vacate (ECF No. 325), and on February 6, 2017, Petitioner filed a Supporting Memorandum of Law (ECF No. 360).[3]

## II. LEGAL STANDARD

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. The prisoner is entitled to relief if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id*. A motion made pursuant to 28 U.S.C. § 2255 requires a showing of either a constitutional or jurisdictional error or a "fundamental defect" resulting in a "complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974); *Hill v. United States*, 368 U.S. 424, 428 (1962). A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing where it conclusively shows from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

---

[3] Petitioner received extensions to file his Supporting Memorandum on November 14, 2016, and January 19, 2017; thus, his Supporting Memorandum was timely.

An ineffective assistance of counsel claim is properly raised in a 28 U.S.C. § 2255 action. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir, 1999). To be eligible for habeas corpus relief on an ineffective assistance of counsel claim, the defendant bears the burden of satisfying the two-part test announced in *Strickland v. Washington*. 466 U.S. 668 (1984). First, the defendant must establish counsel's performance was deficient, *id*. at 687, and secondly, the defendant must demonstrate that any deficiencies in defense counsel's performance were prejudicial to the defense. *Id.* at 692.

In order to establish counsel's deficiency, counsel's performance must fall below an "objective standard of reasonableness." *Id.* at 687-88. A convicted defendant making a claim of ineffective assistance must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court reviews "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. Then, in light of all circumstances, the court must determine whether the identified acts or omissions were outside the wide range of professional competent assistance. *Id*. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*.

As to the prejudicial prong, the defendant must establish that any error by counsel, even if professionally unreasonable, was prejudicial. *United States v. Morrison*, 449 U.S. 361, 364-65 (1981). An error does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id.* It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding because almost every act or omission of counsel would meet that test. *United States v. Valenzuela–Bernal*, 458 U.S. 858, 866-67 (1982). In *Strickland*, the Supreme Court has specifically noted that not every error that conceivably could

have influenced the outcome undermines the reliability of the result of the proceeding. *Strickland*, 466 U.S. at 693.

### III. ANALYSIS

Petitioner asserts that his counsel was ineffective in four (4) different ways. (ECF No. 360.) First, counsel did not properly investigate the underlying facts of Petitioner's case. Second, counsel did not argue for a lesser plea agreement, specifically one that excluded § 924(e). Third, counsel did not appropriately review the plea agreement with Petitioner and inform him of the full effects of the plea agreement. Fourth, counsel did not timely file an appeal. These allegations are addressed individually below.

**A. Failure of Counsel to Adequately Investigate Petitioner's Case**

Petitioner alleges that he requested to review the evidence in the case with counsel in order to demonstrate weaknesses in the Government's case and that his counsel refused to do so. (ECF No. 360 at 17.) Specifically, Petitioner asserts that review of a recorded phone call between him and Alvaro Valencia would have demonstrated that Petitioner was not involved in the conspiracy. (*Id.*)

In the Plea Agreement, Petitioner represented to the court that he had met with his attorney and discussed his case a sufficient number of times. (ECF No. 232 at ¶ 7.) Specifically, Petitioner "discussed possible defenses" with his attorney. (*Id.*) These defenses would have included the potential failure of the Government to meet its burden of proof, *e.g.*, the potentially exculpatory nature of the phone call with Alvaro Valencia. Additionally, the court inquired about Petitioner's satisfaction with his counsel when Petitioner entered his plea. Given the propensity of convicted defendants to second guess the actions of their counsel, Petitioner must present specific evidence

of his counsel's failure.[4] Petitioner has presented no evidence to contradict his prior statements or to show counsel's failure to investigate. Thus, Petitioner cannot allege ineffective assistance of counsel based on these actions.

### B. Failure of Counsel to Negotiate a Plea Agreement Excluding § 924(e)

Petitioner posits that his counsel failed to argue for a plea agreement which did not include § 924(e). (ECF No. 360 at 18.) Petitioner pleaded guilty to violating § 922(g)(5). (ECF No. 232.) Section 924(e) states, "In the case of a person who violates section 922(g) of this title and has three previous convictions . . . a violent felony or a serious drug offense, or both, . . . such person shall be fined under this title and imprisoned not less than fifteen years . . . ." § 924(e). Section 924 is not a separate criminal violation; instead, it denotes the penalties for certain crimes and creates mandatory minimums for certain offenders. § 924(e). However, §924(e) is not applicable to Petitioner because he does not have three (3) prior qualifying offenses. Therefore, Petitioner's counsel's alleged failure to negotiate a plea agreement excluding § 924(e) does not constitute ineffective assistance of counsel.

### C. Failure of Counsel to Adequately Explain the Plea Agreement to Petitioner

Petitioner contends that his counsel failed to adequately explain the Plea Agreement (ECF No. 232) to him. (ECF No. 360 at 12.) Specifically, Petitioner argues that he was not informed of

---

[4] The Fourth Circuit has recognized that a defendant, once convicted, will be inclined to second-guess his attorney's strategy. *See United States v. Lurz*, 666 F.2d 69 (4th Cir. 1981) ("Complaints about counsel's handling of the trial tend to sound like second-guessing after the event."). As the court has opined, "it would be grossly unfair to the trial counsel to fault his representation without having in the record some statement from him. Courts must be equally vigilant to protect counsel from the unfair imputation of professional neglect as to assure to the defendant effective representation." *United States v. Mandello*, 426 F.2d 1021, 1023 (4th Cir. 1970). Thus, the court requires more than conclusory accusations from a defendant alleging ineffective assistance of counsel.

the application of 18 U.S.C. § 922 and potential application of 28 U.S.C. § 924. (*Id.*) Petitioner pleaded guilty to violating § 922(g)(5), so he cannot now argue that he was unaware of its application in his case. Additionally, in the Plea Agreement (ECF No. 232) and when entering his guilty plea (ECF No. 240), Petitioner represented to the court that he had met with his attorney and received adequate counsel regarding his case (ECF No. 232 ¶ 7, ECF No. 240.) Specifically, he claimed that he had weighed the various costs and benefits of pleading guilty, which would have included the possible application of § 924(e). (ECF No. 232 ¶ 7.) Petitioner has brought forth no evidence to contradict his prior statements and in doing so has not presented sufficient evidence to establish that his counsel's actions fell below an objective standard of reasonableness. Therefore, Petitioner has not pointed to actions by his counsel which violated his constitutional protections.

Additionally, Petitioner was not sentenced under § 924(e). Therefore, even if counsel failed to discuss the application of § 924(e) to Petitioner's case, the error did not prejudice Petitioner, as required by *Strickland*. Thus, Petitioner's claim that counsel's failure to adequately explain the Plea Agreement constitutes ineffective assistance of counsel is without merit.

### D. Failure of Counsel to File a Timely Appeal

Petitioner claims that he attempted to inform his counsel of his desire to appeal his sentence and that his counsel failed to file an appeal. (ECF No. 360 at 18.) Additionally, Petitioner submits that he attempted to talk with his counsel about filing his appeal, but his counsel was unavailable. (*Id.* at 3.) Under 18 U.S.C. § 3742(c), a defendant may only appeal a plea agreement that includes a specific sentence under Rule 11(C)(1)(c) of the Federal Rules of Criminal Procedure if the sentence imposed is greater than the sentence set forth in the plea agreement. § 3742(c). Petitioner's plea agreement included a specific sentence of 96 months. (ECF No. 232 at 5.) Petitioner was sentenced to 96 months. (ECF No. 280.) Therefore, Petitioner was barred from

appealing his sentence by 18 U.S.C. § 3742(c) and his counsel's failure to file an appeal cannot constitute ineffective assistance of counsel.

## IV. CONCLUSION

The court **DENIES** Petitioner's Motion to Vacate under § 2255 (ECF No. 325).

## V. CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

Columbia, South Carolina
May 30, 2018